FILED

JUL 19 2019

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF AN APPLICATION OF THE )
UNITED STATES OF AMERICA FOR A )
WARRANT AUTHORIZING THE )
INSTALLATION, ACTIVATION AND )
MONITORING OF A GLOBAL POSITIONING ) No. 4:19 MJ 337 DDN
SYSTEM ELECTRONIC TRACKING DEVICE )
(GPS DEVICE) TO BE LOCATED IN OR ON THE ) **FILED UNDER SEAL**
**BLACK, TWO-DOOR, 2010 AUDI, BEARING** )
**MISSOURI LICENSE NUMBER W32AD.** )
)

## APPLICATION

COMES NOW the United States of America, by and through its attorneys, Jeffrey B.

Jensen, United States Attorney for the Eastern District of Missouri, and Sara E. Koppenaal,

Assistant United States Attorney for said District, and hereby makes application to this Court for

a Warrant authorizing the installation, activation and monitoring of an electronic tracking device

in or on the **BLACK, TWO-DOOR, 2010 AUDI, BEARING MISSOURI LICENSE**

**NUMBER W32AD** (hereinafter the "subject vehicle"), registered through the State of Missouri to

Fast Lane Auto Sales, located at 1422 Montgomery, St. Louis, Missouri, which is being utilized

by Marlin TOMLIN and Javante VANN, pursuant to Rule 41, Fed. R. Crim. P. and 18 U.S.C. §

3117.

1.     This application seeks authorization to monitor an electronic tracking device known

as a Global Positioning System (GPS device).   The GPS device would be concealed on the

"subject vehicle" to be used by Marlin TOMLIN and Javante VANN.   The GPS device would

enable the agents/officers of Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

(hereinafter referred to as "investigative agency(ies)") to surveil said "subject vehicle."   This GPS

device emits an electronic signal that can be located by a locating receiver to be possessed by the

officers.   The GPS device and locating receiver monitor movement and physical location of the GPS device, but in no way transmits or records voice communication or acquires oral communication.   The above-mentioned "subject vehicle" which is being utilized in connection with the commission of offenses involving on-going violations of Title 21, United States Code, Sections 846 and 841(a)(1).

2.      Attached to this application and incorporated by reference as is fully set out herein is the affidavit of Kirsten Ellerbusch, Special Agent, ATF, which alleges facts in order to show that:

> There is probable cause to believe that evidence of the commission of the above-described offenses can be obtained through the use of a GPS device in or on the "subject vehicle," thereby enabling agents/officers of the investigative agency(ies) to track and surveil the movements of the "subject vehicle" for a period of forty-five (45) days;

3.      In the event that the Court grants this application, agents/officers of the investigative agency(ies) or their authorized representatives seek authority to surreptitiously enter the "subject vehicle," including entry onto private property, to effect installation, any time during the day or night.

4.      In the event that the Court grants this application, there will be periodic monitoring of the GPS device during both daytime and nighttime hours for the next forty-five (45) days following the installation of said GPS device.   In addition, the GPS device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

5.      In the event that the Court grants this application, it is requested that in addition to the installation of said device that the agents/officers of the investigative agency(ies) or their authorized representatives have the authority to maintain, service, repair, and remove the GPS device, any time during the day or night.

6.     In the event that the Court grants this application, within ten (10) calendar days after the use of the tracking device has ended, the Government will provide notice to the person whose property was tracked unless delayed notice is authorized by the Court.

7.     In light of the ongoing nature of the investigation as reflected in the attached affidavit, applicant requests that the application, affidavit and Warrant be sealed.

WHEREFORE, on the basis of the allegations contained in this application, and on the basis of the affidavit of Kirsten Ellerbusch, Special Agent, ATF, which is attached hereto and made a part hereof, applicant requests this Court to enter a Warrant authorizing law enforcement officials, agents/officers with the investigative agency(ies), or their authorized representatives, including but not limited to, other law enforcement agents and technicians assisting in the above-described investigation, to install, maintain, service, repair and ultimately remove a GPS device in or on the "subject vehicle"; to surreptitiously enter the "subject vehicle," including entry onto private property, to effect said installation, maintenance, and removal, any time during the day or night; and to monitor the signals from that GPS device following the issuance of the Court's Warrant, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the "subject vehicle" leaves the Eastern District of Missouri but remains within the United States, and so as not to jeopardize the ongoing investigation, that the application, affidavit and Warrant be sealed.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*Sara E. Koppenaal*

SARA E. KOPPENAAL, #66605MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

Dated this ___19th___ day of July, 2019.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

JUL 1 9 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF ) | |
| THE UNITED STATES OF AMERICA FOR A ) | |
| WARRANT AUTHORIZING THE ) | |
| INSTALLATION, ACTIVATION AND ) | |
| MONITORING OF A GLOBAL POSITIONING ) | No. 4:19 MJ 337 DDN |
| SYSTEM ELECTRONIC TRACKING DEVICE ) | |
| (GPS DEVICE) TO BE LOCATED IN OR ON ) | **FILED UNDER SEAL** |
| THE **BLACK, TWO-DOOR, 2010 AUDI,** ) | |
| **BEARING MISSOURI LICENSE NUMBER** ) | |
| **W32AD.** ) | |

**AFFIDAVIT**

Kirsten Ellerbusch, being duly sworn, deposes and says that she is a Special Agent (S/A)

with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) duly appointed according

to law and acting as such.

Upon information and belief the **black, two-door, 2010 Audi, bearing Missouri license**

**number W32AD**[1] (hereinafter the "**subject vehicle**"), which is being utilized Marlin TOMLIN

and Javante VANN, is presently being used in a conspiracy to distribute and possess with the intent

to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1)

and 846.

Your affiant further states that there is probable cause to believe that the installation of an

electronic tracking device known as a Global Positioning System device (GPS device) placed in

or on the "**subject vehicle**," and monitoring of the GPS device, will lead to evidence of the

aforementioned offense(s), as well as to the identification of individuals who are engaged in the

commission of those and related crimes.

The source of your affiant's information and the grounds for her belief are based on your

affiant's personal knowledge through ongoing investigations being conducted by the BUREAU

---

[1] W32AD is a "dealer" plate, and is not registered to any specific vehicle.

1

OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES along with the St. Louis Metropolitan Police Department (hereinafter SLMPD), and are as follows:

## INTRODUCTION

Your Affiant, Kirsten F. Ellerbusch, has been employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter ATF) since October 2018, currently assigned Kansas City Field Division, St. Louis Group I Field Office. The affiant conducts criminal investigations into cases of illegal possession and/or transfer of firearms, firearms trafficking, violent crimes involving firearms and narcotics trafficking and narcotics possession.

Your affiant is currently involved in an investigation regarding violations of Federal Law on the part of Marlin TOMLIN and/or Javante VANN. I have knowledge and information that is either personally known to me or has been provided to me by other law enforcement personnel and witnesses.

The facts alleged in this affidavit come from my own investigation, my training and experience, and information obtained from other investigators and witnesses. As this affidavit is submitted for the limited purpose of establishing probable cause to install a GPS device in or on the **subject vehicle**, as part of a criminal investigation, it does not set forth all of my knowledge regarding this matter.

## Initiation of the Investigation

During the week of May 13, 2019, your affiant learned from a Confidential Informant (CI)[2] that Vann was selling controlled substances, specifically fentanyl, and commonly possesses a firearm in connection with his drug distribution activity. The CI told your affiant that VANN and

---

[2] The CI is cooperating for judicial consideration. The CI's information relative to the VANN/TOMLIN investigation has been reliable and corroborated by monitored telephone calls to VANN and/or TOMLIN on the subjects' cellular telephone, physical surveillance and a controlled purchases of narcotics from TOMLIN (that was arranged by VANN). The CI has multiple arrests, including possession of a controlled substance and prostitution.

2

his associates kept their firearms visible to purchasers during their drug sales in the St. Louis Metropolitan area. The CI told your affiant s/he calls the wireless telephone number (314-401-9110) to arrange purchases of fentanyl from VANN and his associates. The CI told your affiant when s/he arranges to purchase fentanyl from VANN, he typically meets him/her in the **subject vehicle.[3]**

### May 19, 2019 Controlled Purchase

During the week of May 19, 2019, at the direction of ATF investigators, and in the presence of your affiant, the CI placed a phone call to 314-401-91104, a number utilized by VANN and his associates. The CI spoke with VANN about purchasing fentanyl, and VANN advised the CI to meet in the alley behind 6261 Clemens, University City, Missouri, located within the Eastern District of Missouri. The CI and a Saint Charles County Regional Drug Task Force (SCCRDTF) Undercover Detective (UC) drove to the meet location to complete the drug transaction. TOMLIN arrived to the meet location instead of VANN. The CI told the UC s/he was familiar with TOMLIN and had purchased fentanyl from him before. TOMLIN arrived in a newer model black Chevrolet Impala with an unknown female passenger and directed the CI and UC to get in. Upon entering the vehicle, an AR-style rifle was observed in the back seat. The CI introduced the UC to TOMLIN in hopes that TOMLIN would be willing to sell to the UC directly in the future.

The UC and the CI each provided TOMLIN with $100.00 in U.S. Currency in exchange for a total of 5.01 grams of fentanyl (51 capsules). TOMLIN provided the 314-401-9110 phone number (hereinafter the subjects' cellular telephone) to the UC and told him/her to contact him for future purchases of fentanyl and/or heroin.

---

[3] The CI described the vehicle to investigators as a black Audi passenger vehicle. In May of 2019, the CI obtained a license plate on the vehicle, "W32AD," which matched the license plate on the vehicle as of July 15, 2019.

[4] On June 10, 2019, United States Magistrate Judge Noelle C. Collins (Eastern District of Missouri) signed an order authorizing the disclosure of records, location information, including precision location information, cell site information, and other signaling information associated with this number (314-401-9110).

The substance TOMLIN provided to the UC and CI was tested by Saint Louis Metropolitan Police Department (SLMPD) Criminal Laboratory, and it was determined to be 5.01 grams of a substance containing fentanyl, a Schedule II controlled substance.

### May 26, 2019 Controlled Purchase

During the week of May 26, 2019, the UC called the subjects' cellular telephone, and spoke with TOMLIN. The UC negotiated the sale of fentanyl, and TOMLIN directed the UC to an alley behind 3639 Blaine, St. Louis, Missouri, located within the Eastern District of Missouri.

The UC went to the meet location, and TOMLIN arrived in a white Kia sedan, bearing Illinois license plate BG96981, with tinted windows. The UC saw an AR-style pistol in the front seat between TOMLIN's legs. When asked about the firearm, TOMLIN told the UC that he is always armed with the firearm. The UC provided TOMLIN with $200 in U.S. Currency in exchange for 5.80 grams of fentanyl (57 capsules). TOMLIN then drove away from the area.

The substance TOMLIN provided the UC was tested by SLMPD Criminal Laboratory, and it was determined to be 5.80 grams of a substance containing fentanyl, a Schedule II controlled substance.

### June 17, 2019 Controlled Purchase

During the week of June 17, 2019, the UC called the subjects' cellular telephone and spoke with TOMLIN. The UC negotiated the sale of fentanyl, and TOMLIN directed the UC to the area of Hooke Avenue and Kingshighway Boulevard, St. Louis, Missouri, located within the Eastern District of Missouri.

The UC went to the meet location, and TOMLIN and VANN arrived in a black Jeep Cherokee, bearing Illinois license plate FP80397, with tinted windows (hereinafter "the black Jeep Cherokee"). The UC provided VANN with $200 in U.S. Currency in exchange for 4.72 grams of fentanyl (50 capsules). TOMLIN and VANN then drove from the area.

4

The substance VANN provided the UC was tested by SLMPD Criminal Laboratory, and it was determined to be 4.72 grams of a substance containing fentanyl, a Schedule II controlled substance.

### June 20, 2019 Controlled Purchase

During the week of June 20, 2019, the UC called the subjects' cellular telephone and spoke with TOMLIN. The UC negotiated the sale of fentanyl, and TOMLIN directed the UC to an alley behind 4670 Alaska, St. Louis, Missouri, located within the Eastern District of Missouri.

The UC went to the meet location. TOMLIN and VANN, arrived in the black Jeep Cherokee. The UC provided TOMLIN with $400 in U.S. Currency in exchange for 10.5 grams of fentanyl (106 capsules).

The substance TOMLIN provided the UC was tested by SLMPD Criminal Laboratory, and it was determined to be 10.5 grams of a substance containing fentanyl, a Schedule II controlled substance.

### June 28, 2019 Controlled Purchase

During the week of June 28, 2019, the UC called the subjects' cellular telephone and spoke with TOMLIN. The UC negotiated the sale of fentanyl, and TOMLIN ultimately directed the UC to 4670 Alaska, St. Louis, Missouri.

The UC went to the meet location. TOMLIN arrived in the black Jeep Cherokee. TOMLIN entered the UC's vehicle where the UC provided TOMLIN with $380 in U.S. Currency in exchange for 8.99 grams of fentanyl (96 capsules). Investigators observed the **subject vehicle** was parked on the street near 4670 Alaska during the controlled purchase.

The substance TOMLIN provided the UC was tested by SLMPD Criminal Laboratory, and it was determined to be 8.99 grams of a substance containing fentanyl, a Schedule II controlled substance.

## The Subject Vehicle

On July 9, 2019, your affiant was assigned to investigate a National Integrated Ballistic

Information Network (NIBIN) lead for a case connected to a shooting that occurred on April 26,

2019 (3214 Miami, St. Louis, MO) to an Assault in the first degree incident that occurred on

June 30, 2019 (North Florissant and Mullanphy, St. Louis, MO) via 5.56 millimeter shell casings

that were collected at both crime scenes.

Your affiant met with detectives assigned to investigate the April 26, 2019 shooting. SLMPD

detectives explained the shooting occurred at 3214 Miami Street, St. Louis, Missouri. Individuals

in a silver Chevrolet Equinox, bearing Florida license plates, and a distinct luggage rack

(hereinafter the Chevrolet Equinox) was observed by witnesses and captured on video

surveillance shooting into a blue sedan. Witnesses described the firearm involved as an AR-15

style firearm with a silver barrel. Shots fired from the silver Chevrolet Equinox struck a

bystander in the chest.

Your affiant discovered on April 30, 2019, SLMPD Detectives observed the Chevrolet

Equinox from the April 26, 2019 shooting and attempted to initiate a traffic stop with the

Chevrolet Equinox, but the driver failed to yield and officers lost sight of the Chevrolet Equinox.

Shortly after, SLMPD officers received a leaving the scene of an accident report detailing a

vehicle crash involving a silver Chevrolet Equinox with Florida license plates. A victim in the

vehicle crash followed the Chevrolet Equinox until it pulled over in the 3300 block of Louisiana

in St. Louis. The victim told SLMPD detectives that he/she observed a black male with long

dreadlock style hair, exit the driver's door of the silver Chevrolet Equinox and enter the

passenger door of a black 2-door Audi, that is similar to the **subject vehicle**, bearing Texas State

License plate LVY7926. The victim in the vehicle crash took photographs[5] of the black Audi before he/she lost sight of it.

SLMPD investigators conducted a check of the black Audi bearing Texas license plate LVY7926, and discovered black Audi was registered to VANN. Additional queries through SLMPD license plate reader (LPR) software showed the black Audi registered to VANN frequented the area of Alaska Avenue and Bates Street, St. Louis, Missouri. Based on surveillance that occurred at a later date of a black Audi that investigators believe to be the same black Audi involved in the shooting incident, revealed the black Audi now had Missouri license plates. SLMPD investigators believed after the shooting incident the owner of the black Audi changed license plates.[6]

While discussing the case with SLMPD investigators, your affiant immediately recognized VANN's name and the association with the black Audi. Your affiant and investigators believe the black Audi involved in the April 30, 2019 fleeing is the **subject vehicle**. Your affiant showed photographs of VANN and TOMLIN to SLMPD investigators. One of the photos was a photograph that included VANN, TOMLIN and an individual unknown to your affiant. The unknown individual was described as a black male, thin build, with long dreadlock style hair, which matched the description of the suspect of the April 26, 2019 shooting and the description of the suspect that fled from SLMPD detectives on April 30, 2019. SLMPD investigators immediately recognized the unknown subject from the photograph as Denzel HOUSTON.

### July 15, 2019 Controlled Purchase

During the week of July 15, 2019, the UC called the subjects' cellular telephone, and spoke with TOMLIN. The UC negotiated the sale of fentanyl, and TOMLIN ultimately directed the UC

---

[5] Photographs of the black Audi that were taken by the victim in the vehicle crash have been reviewed by investigators.

[6] Through training and experience, your affiant knows it is common for individuals involved in criminal activity to switch license plates on their vehicles in an attempt to elude law enforcement efforts to identify and locate them.

to the parking lot of 4100 Gravois, St. Louis, Missouri, located within the Eastern District of Missouri.

The UC went to the meet location. TOMLIN arrived in the **subject vehicle,** bearing Missouri license plates W32AD. TOMLIN pulled into the spot immediately west of the UC's vehicle and motioned for the UC to come to the **subject vehicle**. The UC entered the passenger side of the **subject vehicle,** where the UC provided TOMLIN with $400 in U.S. Currency in exchange for approximately 92 capsules of suspected fentanyl.

Prior to exiting the **subject vehicle**, the UC asked TOMLIN about purchasing a firearm. TOMLIN advised he would contact the UC when he was able to locate a firearm to sell. The UC returned to his/her vehicle and watched TOMLIN leave the parking lot in the **subject vehicle.** Investigators observed the **subject vehicle** drive across the street to the parking lot of the Quik Trip gas station and conduct what investigators believe to be hand-to-hand drug transaction[7] with another individual.

Your affiant conducted a query of the Missouri license plate on the **subject vehicle**, W32AD, and discovered it do be a dealer license plate registered to a Fast Lane Auto Sales, located in St. Louis, MO within the Eastern District of Missouri. The registration does not define a specific vehicle to which the license plate is should be attached to.

Your affiant has seen photographs on social media sites of VANN behind the driver's seat of an Audi passenger vehicle. Additionally, your affiant has heard songs on Facebook and YouTube written and sang by VANN where he proclaims to drive an Audi passenger vehicle.

---

[7] Based on your affiant's training and experience, narcotics transactions are often completed in a "hand-to-hand" style. These transactions are quick and typically occur in the seller or purchaser's vehicle, where the involved drug associates quickly and discreetly hands drugs from the window or area of his/her vehicle to the other person.

## CONCLUSION

ATF investigators seek authorization to track TOMLIN and VANN in the **subject vehicle** by installing a GPS device to the vehicle.   This will enable the investigative team in identifying individuals committing the above listed crimes with TOMLIN and VANN and to discover evidence of the criminal activities with which they are involved, to determine where they go, with whom they meet, and to further the investigation of their various criminal activities. Your affiant believes that the GPS device will help discover the location where the subjects travel in the **subject vehicle** and will show investigators locations where VANN, TOMLIN and their associates keep and store their narcotics and firearms ("stash" houses).

Your affiant knows from surveillance that it will be difficult to place the GPS on the **subject vehicle** due to TOMLIN and VANN constantly moving from place to place throughout the daytime and evening hours. In addition, drug dealers have "look-outs," referring to individuals conducting counter-police surveillance. Your affiant believes that being seen by either VANN, TOMLIN or other associates or bystanders in the area while placing the GPS device on the subject vehicle will hinder the investigation. Due to these factors, the installation, maintenance or removal of the GPS on/from the **subject vehicle** would be difficult to accomplish during the time period of 6:00 a.m. to 10:00 p.m.   Therefore, it is requested that the timeframe of authorization to install, maintain, and/or remove the GPS device include anytime during the day or night.

9

Your affiant believes it is paramount the agents of the investigative team receive the authorization requested with this application.   It is critical that the investigative team be able to monitor the movements of the **subject vehicle** thereby assisting in the identity of the location of stash houses, co-conspirators and/or other associates, areas of activity, and patterns of movement. It is believed that the tracking of TOMLIN and VANN movements in the **subject vehicle** would greatly aid in this endeavor. Your Affiant further believes that the requested authorization would be a valuable asset achieving the overall goals of the investigation and assist in a successful prosecution of TOMLIN, VANN and their criminal associates.

Based on the above information, there is probable cause to believe that the **subject vehicle** has and will be used by TOMLIN and VANN in their criminal activities of distributing fentanyl. During the course of this investigation, your affiant believes that VANN and/or TOMLIN have utilized Missouri registration W32AD and Texas registration LVY7926 on the **subject vehicle**. Prior to deployment of the GPS device your affiant and other investigators will verify the **subject vehicle** is clearly displaying Missouri license plate W32AD or Texas license plate LVY7929.

In light of the ongoing nature of the investigation and this affidavit, I request this affidavit be sealed.

WHEREFORE, your affiant respectively requests the Court issue a Warrant authorizing law enforcement officials, agents/officers with ATF and the Saint Louis Metropolitan Police Department and other law enforcement agents and technicians acting under the supervision of federal agents, or their authorized representatives, to install and monitor, maintain, service, repair and ultimately remove a GPS device in or on the **subject vehicle** for a period of forty-five (45) days following the issuance of the Court's Warrant, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the **subject vehicle** leaves the Eastern District of Missouri but remains within the

United States, and that the notice requirements of Rule 41 (d) be delayed until further notice of this Court so as not to jeopardize the ongoing investigation.

Kirsten F. Ellerbusch
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Dated this ____19th____ day of July, 2019.

Sworn to and subscribed before me this ____19th____ day of July, 2019.

DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri